**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS**

| | | |
|---|---|---|
| EVA VILLANUEVA CARREON<br>Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 5-19-cv-124 |
| SONIA GONZALEZ GAMEZ D/B/A<br>TRANSPORTES RIGONZA<br>Defendant. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Eva Villanueva Carreon, hereinafter called Plaintiff, complaining of and about Sonia Gonzalez Gamez d/b/a Transportes Rigonza (hereinafter referred to as "Transportes Rigonza"), hereinafter called Defendant, and for cause of action shows unto the Court the following:

**I.**

**PARTIES**

1. Plaintiff, Eva Villanueva Carreon, is an individual resident of the State of Texas.

2. Defendant Sonia Gonzalez Gamez d/b/a Transportes Rigonza is a nonresident corporation doing business in the State of Texas. It can be served process serving its designated process agent, Juan de la Rosa, at 12907 Fawn Drive, Laredo, Texas 78045.

**II.**

**JURISDICTION AND VENUE**

3. This Court has diversity jurisdiction because the matter in controversy exceeds

$75,000.00 and the case is between citizens of different states. 28 U.S.C. § 1332.

4. Venue is proper in the Southern District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the District. 28 U.S.C. § 1391(b)(2). This case arises out of a May 23, 2019 incident that occurred in Webb County, Texas.

### III.

### FACTS

5. Defendant Transportes Rigonza is a motor carrier licensed by the Federal Motor Carrier Safety Administration. At all times relevant to this lawsuit, Jesus Chavez Garcia was acting within the course and scope of employment for Defendant Transportes Rigonza.

6. On or about May 23, 2019, Plaintiff Eva Villanueva Carreon was exiting private property located at 14415 Mines Road in Laredo, Texas. Plaintiff was stopped in the driveway, waiting for traffic to clear on Mines Road.

7. On or about May 23, 2019, Jesus Chavez Garcia was exiting the same private property directly behind Plaintiff's vehicle when he suddenly and without warning violently struck Plaintiff's vehicle in the rear. This impact caused Plaintiff to suffer property damage and severe bodily injury.

8. Defendant is responsible for the safe operation of the tractor-trailer-trailer at issue.

### IV. CAUSES OF ACTION

### NEGLIGENCE AGAINST DEFENDANT TRANSPORTES RIGONZA

9. Plaintiffs incorporate paragraphs 5-8 as if fully set forth herein.

10. Defendant Transportes Rigonza was acting through its employee, Jesus Chavez Garcia, who was at all times acting within the scope of his employment. Because Jesus Chavez Garcia was acting in the course and scope of employment with Defendant Transportes Rigonza, when the crash occurred, Defendant Transportes Rigonza is liable to Plaintiff under the doctrine of *Respondeat Superior* and/or statutory employment doctrine.

11. Defendant Jesus Chavez Garcia had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's damages were proximately caused by Defendant Jesus Chavez Garcia's negligent disregard of said duty. The negligent disregard of the duty of Defendant Jesus Chavez Garcia consisted of, but is not limited to, the following acts and omissions:

    A. In failing to keep a proper lookout;

    B. In failing to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Jesus Chavez Garcia's motor vehicle which would permit Defendant Jesus Chavez Garcia to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    C. In failing to timely apply his brakes; and

    D. In failing to take proper evasive action;

    E. In failing to yield the right of way to other vehicles;

    F. In failing to control the operation of his vehicle;

    G. In failing to avoid the incident in question;

    H. In failing to operate his vehicle in a safe and prudent manner;

    I. Driver inattention;

    J. Other acts of negligence and/or negligence *per se*; and

    K.    Any other acts of negligence discovered and to be shown at the time of trial.

13. Defendant Transportes Rigonza was further negligent, and possible grossly negligent, in training Jesus Chavez Garcia, and/or in failing to supervise Jesus Chavez Garcia, and/or in retaining Jesus Chavez Garcia. Had Defendant Transportes Rigonza or Defendants' agents properly trained its employee, this incident could have been avoided.

14. At all times pertinent, Defendant Transportes Rigonza and any of Defendant's agents, who were acting within the scope of their employment, were guilty of negligent conduct toward Plaintiff in:

    A.    Failing to train its employees regarding proper procedures on following distance and stopping distance;

    B.    Failing to supervise its agents, servants and/or employees to ensure the safety of other drivers on the roadway;

    C.    Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicles; and

    D.    Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

15. These conditions and activities existed despite the fact that Defendant or Defendant's agents knew or should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

16. Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of the Defendant constituted negligence which was and is a direct and proximate result of the injuries and damages sustained by Plaintiff.

17. At all times material hereto, all of the agents, servants, and/or employees for Defendant

Transportes Rigonza, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Transportes Rigonza, is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *Respondeat Superior*.

## V.

## DAMAGES FOR PLAINTIFF

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Eva Villanueva Carreon was caused to suffer bodily injury, and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Eva Villanueva Carreon for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas.

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Physical impairment in the past;

   F. Physical impairment which, in all reasonable probability, will be suffered in the future;

   G. Disfigurement in the future;

   H. Mental anguish in the past;

   I. Mental anguish in the future; and

   J. Loss of earning capacity which will, in all probability, be incurred in the future.

## VI.

## JURY DEMAND

19. Plaintiff hereby requests a trial by jury.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Averie Maldonado
Averie Maldonado
Tex. Fed. ID No. 2545934
Michael R. Cowen
Tex. Fed. ID No. 0685756
COWEN | RODRIGUEZ| PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (210) 579-8968
E-Mail for Service:  efilings@cowenlaw.com